Nancy **RITINSKI**, individually, and Charles Ritinski, III by his mother and next friend, Nancy Ritinski, **Plaintiffs,**

v.

Stephania McGARITY, Defendant.

No. CIV. A. 2:99CV2116.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 5, 2000.

Robert J. Haddad, Shuttleworth, Ruloff & Giordano, Virginia Beach, VA, Lawrence K. Land, Norfolk, VA, for Plaintiff.

Terry H. Davis, Jr., Harris, Fears, Davis, Lynch & McDaniel, Norfolk, VA, for Defendant.

S. Lawrence Dumville, Virginia Beach, VA, for Travelers Insurance Company, Respondent.

### OPINION AND ORDER

PRINCE, United States Magistrate Judge.

Plaintiffs, Nancy Ritinski, individually, and Charles Ritinski, III, by his mother and next friend, Nancy Ritinski ("Plaintiffs"), filed a Complaint with this Court against Stephania McGarity ("Defendant") on December 23, 1999. The Complaint included a claim for punitive damages. Defendant filed an Answer, and, thereafter, moved *in limine* to eliminate Plaintiff's claim for punitive damages. On July 10, 2000, Travelers Insurance Company ("Travelers") filed a Notice of Appearance with the Court. Travelers then filed an Answer and a Motion to Dismiss Plaintiffs' claim for punitive damages. The parties have consented to have a magistrate judge dispose of these claims pursuant to 28 U.S.C. § 636(c), and the Court has jurisdiction under 28 U.S.C. § 1332.

The Court heard oral arguments on the Motion *in Limine* and the Motion to Dismiss on August 10, 2000. Having reserved judgment at the conclusion of the hearing, the Court now ORDERS that the Motion *in Limine* and Motion to Dismiss be DENIED.

### I. SUMMARY OF FACTS

Plaintiffs' claim for punitive damages was brought pursuant to Virginia Code § 8.01–44.5 (exemplary damages for persons injured by intoxicated drivers). In support of the claim for punitive damages, the Complaint set forth the following factual allegations:

The Defendant, upon information and belief, was returning from a local bar where she consumed sufficient alcoholic beverages to cause her to become drunk and unable to safely drive her car. (Compl. at ¶ 10.)

At the time the Defendant began drinking and during the time that she was drinking, she was aware that she would be driving her vehicle. *Id.* at ¶ 11.

After the accident, the Defendant unreasonably refused to submit to a test of her blood alcohol content [ ("BAC") ] as required by Virginia Code § 18.2–268.2. *Id.* at ¶ 12.

The Defendant's intoxication was a proximate cause of the accident and Plaintiffs' injuries. *Id.* at ¶ 13.

### II. CONCLUSIONS OF LAW

#### STANDARD OF REVIEW

In ruling on a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept the factual allegations in the Complaint as true and construe them in a light most favorable to the plaintiff. *Kline v. Nationsbank of Virginia,* 886 F.Supp. 1285, 1293 (E.D.Va. 1995) (*citing Martin Marietta Corp. v. International Telecomms. Satellite Org.,* 991 F.2d 94 (4th Cir.1992)). Claims should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of the claims, as alleged, which would entitle him relief. *Id.* (*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2nd Cir.1985)).

#### PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

As noted above, Plaintiffs' claim for punitive damages was brought pursuant to Virginia Code § 8.01–44.5, which reads, in relevant part:

[W]hen a defendant has unreasonably refused to submit to a test of his blood alcohol content as required by § 18.2–268.2, a defendant's conduct shall be deemed sufficiently willful or wanton as to show conscious disregard for the rights of others when the evidence proves that:

(i) when the incident causing the injury or death occurred the defendant was intoxicated, which may be established by evidence concerning the conduct or condition of the defendant;

(ii) at the time the defendant began, or during the time he was, drinking alcohol, he knew that he was going to operate a motor vehicle; and

(iii) the defendant's intoxication was a proximate cause of the injury to the plaintiff or death of the plaintiff's decedent.

A certified copy of a court's determination of unreasonable refusal pursuant to § 18.2–268.3 shall be prima facie evidence that the defendant unreasonably refused to submit to the test.

This statutory language is followed by and largely mirrored in the factual allegations of Plaintiffs' Complaint. Nevertheless, Defendant and Travelers point out that Plaintiffs failed to incorporate the final sentence of § 8.01–44.5 in the factual allegations of their Complaint. Defendant and Travelers suggest that this failure is fatal to Plaintiffs' claim for punitive damages. The Court, having considered the plain meaning of the statute, is not persuaded by their argument.

Section 8.01–44.5 sets forth the elements Plaintiffs must prove in order to recover punitive damages in this case. Among these elements is the defendant's "unreasonable refusal" to submit to a BAC test as required by § 18.2–268.2 (implied consent to post-arrest chemical test to determine BAC). In its final sentence, § 8.01–44.5 then identifies prima facie evidence of such an "unreasonable refusal," that is:

[a] certified copy of a court's determination of unreasonable refusal pursuant to § 18.2–268.3 shall be prima facie evidence that the defendant unreasonably refused to submit to the test.

However, contrary to Defendant and Travelers' assertions, § 8.01–44.5 does not demand such evidence exclusive of all other kinds of evidence. Compliance with this final sentence merely is but one way to prove an "unreasonable refusal," not the only way. It is an option, not a requirement. Accordingly, Plaintiffs' failure to incorporate the final sentence of § 8.01–44.5 in the factual allegations of their Complaint is not fatal to their claim for punitive damages.

## III. CONCLUSION

For the reasons stated above, the Court hereby ORDERS that the Motion *in Limine* and Motion to Dismiss be DENIED.

The clerk shall mail a copy of this Opinion and Order to counsel for the parties.